# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **IDELL BELL** and **RASHARD TATUM,** individually and on Behalf of All Others Similarly Situated | § | |
| Plaintiffs, | § | CA Number: 4:20-cv-1654<br>Class Action and Collective Action |
| v. | § | |
| **CONTINENTAL PRODUCTION SERVICES, INC.**, a foreign corporation, and **CRAIG CORBELL**, individually, | § | Jury Demanded |
| Defendants | § | |

**PLAINTIFFS' CLASS ACTION/COLLECTIVE ACTION COMPLAINT**

Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees. *See, Billingsley v. Citi Trends, Inc.*, 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

1. This case implicates Continental Production Services, Inc. ("CPS"), a foreign corporation and its officer and/or director, Craig Corbell ("Corbell"). The term "Defendants" in this complaint shall collectively refer to CPS and Corbell. Defendant have failed to pay

Plaintiffs Idell Bell and Rashard Tatum, along with approximately another one hundred construction crew members for work performed at a solar farm in Wimauma, Florida. *See Exhibit A, attached.*

2. Defendants required and/or permitted Plaintiffs Idell Bell and Rashard Tatum ("Plaintiffs") to work as crew members at Defendants' construction sites in excess of forty (40) hours per week, but refused to compensate them at the applicable minimum wage and overtime rate. In fact, Defendants refused to compensate Plaintiffs at all for the hours they worked.

3. Defendants' conduct violates the FLSA, which requires non-exempt employees, such as Plaintiffs, to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

4. Furthermore, Defendants' practice of failing to pay its employees at all violates the minimum wage provisions of the FLSA. *See* 29 U.S.C. § 206.

5. Plaintiffs bring a collective action to recover the unpaid wages owed to them and all other similarly situated employees, current and former, of Defendants who worked in Florida, at any time during the three year period before this Complaint was filed up to the present ("Class Members"). These Class Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

6. Plaintiffs further complain on behalf of themselves, and a class of other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P.23, that they are entitled to back wages from Defendants for hours/weeks of work for which they did not receive at least the Florida minimum wage, in violation of Article X, Section 24 of the Florida Constitution ("Florida Minimum Wage Claims").

**SUBJECT MATTER JURISDICTION AND VENUE**

7. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

9. Venue is proper in the Southern District of Florida because both Defendants reside in this jurisdiction.

**PARTIES AND PERSONAL JURISDICTION**

11. Plaintiff Idell Bell is an individual currently residing in Polk County, Florida.

12. Plaintiff Rashard Tatum is an individual currently residing in Polk County, Florida.

13. The Class Members are all of Defendants' current and former construction crew members who worked Defendant's construction sites in Florida at any time during the three years prior to the filing of this Complaint up to the present.

14. Defendant Continental Production Services, Inc. is a foreign corporation doing business in Polk County, Florida for the purpose of accumulating monetary profit.

15. Defendant Craig Corbell is an individual residing in Texas. This Court has personal jurisdiction over this Defendant because he is an Officer and Director of Continental Production Services, Inc. and had sufficient contacts with the Middle District of Florida both individually and as an Officer of Defendant CPS at all times relevant hereto.

**FLSA COVERAGE**

16. In an FLSA case, the following elements must be met. "(1) [plaintiff] is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed

to pay [plaintiff] minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.*, 494 Fed. Appx. 940, 942 (11th Cir. 2012) *cert. denied*, 134 S. Ct. 62, (U.S. 2013).

**EMPLOYMENT RELATIONSHIP**

17. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

18. Moreover, the Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

19. The statutory definition of "employer" includes corporate officers, participating shareholders, supervisors, managers, or other employees where that individual exercises some supervisory authority over employees and is responsible in whole or in part for the alleged violation. *See id.*; *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971-72 (5th Cir. 1984).

20. Defendant Craig Corbell is the President and Director of CPS.

21. Defendant Craig Corbell is involved in the day-to-day business operation of CPS.

22. Defendant Craig Corbell has responsibility for the supervision of the employees of CPS.

23. Defendant Craig Corbell is responsible for the compensation or lack thereof paid to CPS' construction crew members.

24. Defendant Craig Corbell has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's

checking accounts, including payroll accounts, the authority to make decisions regarding employee compensation and capital expenditures, determined the rate and method of payment; and maintained employment records..

25. Additionally, Defendant Craig Corbell was responsible for the day-to-day affairs of CPS. In particular, he was responsible for determining whether CPS complied with the Fair Labor Standards Act.

26. As such, Defendant Craig Corbell is the employer of the Plaintiffs and Class Members within the meaning of 3(d) of the FLSA, and is jointly, severally, and liable for all damages.

**ENTERPRISE AND INDIVIDUAL COVERAGE**

27. "The Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207(a) (1), requires an employer to pay overtime compensation to an hourly worker if the employee can establish individual coverage or enterprise coverage." *Silver v. Dr. Neal Krouse, D.O., P.A.*, 06-60634CIV, 2007 WL 4098879 *2 (S.D. Fla. Nov. 16, 2007) (citing *Thorne v. All Restoration Svcs., Inc.*, 448 F.3d 1264, 1265 (11th Cir.2006)). "To qualify for enterprise coverage, Defendants must 'ha[ve] employees engaged in commerce or in the production of goods for commerce, or [ ] ha[ve] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.'" *Id.* (citing 29 U.S.C. § 203(s)(1)(A)(i) and (ii)). "The phrase 'engaged in commerce' is interpreted broadly and liberally." *Id.* (citing *Alonso v. Garcia*, 147 Fed. Appx. 815, 816 (11th Cir. 2005)).

28. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

29. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

30. Specifically, Defendants' employees were construction crew members that installed solar panels which have been moved or produced in interstate commerce to Defendants' customers. Additionally, Defendants' employees, including Plaintiffs, have handled materials that have been moved or produced in interstate commerce, which were used in the course of Defendants' business operations.

31. Defendants advertise on the internet, process credit cards from out of state, communicate via mail, email, and telephone outside of the state of Florida, and sell their products across state lines.

32. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

33. At all material times, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## WAGE VIOLATIONS

34. Defendants failed to pay Plaintiffs and all other construction crew members they hired any compensation whatsoever, thus less than the federal or Florida minimum wage. For instance, Plaintiff Bell began working for Defendants on December 2, 2019, and though he received a check on December 13, 2019, the check bounced. Plaintiff Bell continued to

work for Defendants and was supposed to receive a check on December 20, 2019, but did not receive a check at all. Plaintiff Tatum did not receive any pay for the same time period.

35. Additionally, during the same time period, Defendants failed to pay Plaintiffs and all other construction crew members overtime for all hours worked in excess of forty per week.

## FACTS

36. Plaintiffs and Class Members have all been victimized by Defendants' common policy and plan to violate their rights under the FLSA by denying them minimum wage and proper overtime.

37. Defendants each operate a construction business that installs solar panels throughout Florida.

38. Defendants employ construction crew members to install the solar panels for Defendants' customers.

39. Plaintiff Idell Bell was formerly employed by Defendants as a construction crew member.

40. Plaintiff worked on a regular basis for Defendants at a site in Ruskin, Florida.

41. Plaintiff Rashard Tatum was formerly employed by Defendants as a construction crew member.

42. Plaintiff worked on a regular basis for Defendants at a site in Ruskin, Florida.

43. Defendants did not pay the construction crew members compensation for any hours worked. For instance, Plaintiff Bell began working for Defendants on December 2, 2019, and though he received a check on December 13, 2019, the check bounced. Plaintiff Bell continued to work for Defendants and was supposed to receive a check on December 20, 2019,

but did not receive a check at all. Plaintiff Tatum did not receive any pay for the same time period.

44. Plaintiffs and the Class Members are not exempt from the overtime and minimum wage requirements under the FLSA.

45. Although Plaintiffs and Class Members are required to and do in fact frequently work more than forty (40) hours per workweek, they are not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek. In fact, they received no compensation whatsoever from Defendants and thus, Defendants violated the minimum wage requirement of the FLSA. *See* 29 U.S.C. § 206.

46. Defendants' method of paying Plaintiffs in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Defendants utterly failed to pay them in accordance to the FLSA by not paying them at all.

47. The individually named Defendant has ultimate authority regarding hiring and firing employees at CPS.

48. The individually named Defendant created and implemented companywide policy of failing to pay the construction crew members of CPS.

## COLLECTIVE ACTION ALLEGATIONS

49. As part of their regular business practices, Defendants have intentionally, willfully and repeatedly harmed Plaintiffs and Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

50. Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for

their hours worked over forty. Defendants have also denied them full compensation at the federally mandated minimum wage rate.

51. Class Members perform or have performed the same or similar work as Plaintiffs. In particular, Plaintiffs and Class Members all worked as construction crew members under the same conditions and subject to the same violations of the FLSA.

52. Many Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

53. Class Members are not exempt from receiving overtime pay and/or minimum wage at the federally mandated minimum wage rate under the FLSA.

54. As such, Class Members are similar to Plaintiffs in terms of job duties, pay structure, and/or the denial of overtime and minimum wage.

55. Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

56. The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of Class Members.

57. The experiences of Plaintiffs, with respect to their job duties, are typical of the experiences of Class Members.

58. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

59. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

60. All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

61. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

62. The individually named Defendant instituted, permitted, and/or required the policy and practice of not paying the construction crew members minimum wage nor overtime for hours worked in excess of forty for each workweek.

63. As such, the classes of similarly situated Plaintiffs are properly defined as follows:

> **<u>The Overtime Class</u>**
> **All of Defendants' current and former construction crew members who worked for Defendants in the State of Florida at any time during the three years before this Complaint was filed up to the present who were not paid overtime for all hours worked in excess of forty during any work week.**
>
> **<u>The Minimum Wage Class</u>**
> **All of Defendants' current and former construction crew members who worked for Defendants in the State of Florida at any time during the three years before this Complaint was filed up to the present who were not paid minimum wages for all hours worked during any workweek.**

## CLASS ACTION ALLEGATIONS

64. Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

65. Plaintiffs bring their Florida Minimum Wage Claims on behalf of all persons who were employed by Defendants at any time since February 2015, to the entry of judgment in this

case (the "Class Period"), who were "construction crew member" employees and who have not been paid at least the applicable Florida Minimum Wage for hours/weeks worked, as required, in violation of Article X, Section 24 of the Florida Constitution (the "Class").

66. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are between 100 and 500 members of the Class during the Class Period.

67. The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

68. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

69. Specifically, Defendants illegally failed to pay its construction crew members at all, including Plaintiffs and thus failed to pay them minimum wages as mandated by Article X, Section 24 of the Florida Constitution.

70. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of minimum wages to Plaintiffs applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

**All of Defendants' current and former construction crew members who worked for Defendant in the State of Florida at any time during**

**the five (5) years before this Complaint was filed up to the present who were not paid Florida's minimum wage for all hours worked.**

71. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

72. Plaintiffs have the same interests in this matter as all other members of the class and Plaintiffs' claims are typical of the Class.

73. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a. whether the Defendants employed the members of the Class within the meaning of Article X, Section 24 of the Florida Constitution;

b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d. whether Defendants failed and/or refused to pay the members of the Class at least the Florida Minimum Wage in one of more workweeks;

e. whether the Defendants are liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and

f. whether the Defendants should be enjoined from such violations of Article X, Section 24 of the Florida Constitution in the future.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

74. Plaintiffs incorporate all allegations contained in the paragraphs 1-5 and 7-63.

75. Defendants' practice of failing to pay Plaintiffs and Class Members time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

76. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiffs.

**COUNT TWO: VIOLATION OF 29 U.S.C. § 206**

77. Plaintiffs incorporate all allegations contained in paragraphs 11-5 and 7-63.

78. Defendants' practice of failing to pay Plaintiffs and Class Members at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206. In fact, Defendants do not compensate construction crew members whatsoever for any hours worked.

79. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants or Plaintiffs.

80. Defendants failed to keep adequate records of Plaintiffs' and Class Members' work hours and pay in violation of section 211(c) of the FLSA. *See* 29 U.S.C. § 211(c).

81. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

a. The time of day and day of week on which the employees' work week begins;

b. The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d. The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e. The hours worked each workday and total hours worked each workweek;

f. The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

g. The total premium for overtime hours. This amount excludes the straight time earnings for overtime hours recorded under this section;

h. The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i. The dates, amounts, and nature of the items which make up the total additions and deductions;

j. The total wages paid each pay period; and

k. The date of payment and the pay period covered by payment.

82. Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiffs and Class Members. Because Defendants' records are inaccurate and/or inadequate, Plaintiffs and Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.*¸ 328 U.S. 680, 687 (1946).

**COUNT THREE: VIOLATION OF ARTICLE X, SECTION 24 OF THE FLORIDA CONSTITUTION**

83. Plaintiffs incorporate all allegations contained in paragraphs 1, 2, 6, 7-17, 21-26, 36-37, 39-45, and 64-73.

84. Plaintiffs, and those similarly situated employees, are/were entitled to be paid at least the Florida minimum wage for each hour/week worked during employment with Defendants.

85. Specifically, Plaintiffs, and those similarly situated employees, were not paid the proper minimum wage, as required by Article X, Section 24 of the Florida Constitution.

86. Defendants willfully failed to pay Plaintiffs, and those similarly situated employees, minimum wages for one or more weeks during Plaintiffs" employment contrary to Article X, Section 24 of the Florida Constitution.

87. Although such prerequisites are unconstitutional, Plaintiffs have complied with all statutory prerequisites to bringing his claim pursuant to Article X, Section 24 of the Florida Constitution.

88. Specifically, on February 6, 2020, Plaintiffs served Defendants with a Notice pursuant to Fla. Stats. § 448.110, on behalf of themselves, and those similarly situated to Plaintiffs.

89. More than 15 days have elapsed since Plaintiffs' service of their Notice on Defendants, and Defendants have failed to make payment to Plaintiffs.

90. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiffs, and those similarly situated employees, have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

91. Plaintiffs are entitled to an award of damages in an amount equal to the relevant Florida Minimum Wage, and an equal amount as liquidated damages.

92. Plaintiffs are entitled to an award of reasonable attorneys' fees and costs, pursuant to Article X, Section 24 of the Florida Constitution.

**DAMAGES SOUGHT**

93. Plaintiffs and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

94. Additionally, Plaintiffs and Class Members are entitled to recover their unpaid overtime compensation.

95. Plaintiffs and Class members are also entitled to an amount equal to all of their unpaid wages and fees as liquidated damages. 29 U.S.C. § 216(b).

96. Plaintiffs and FLSA Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

**JURY DEMAND**

97. Plaintiffs and Class Members hereby demand trial by jury.

**PRAYER**

98. For these reasons, Plaintiffs and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and their counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b)

and appointing Plaintiffs and their counsel to represent the Collective Action members;

c. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

d. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

e. All unpaid wages at the FLSA mandated minimum wage rate;

f. All unpaid wage at the Florida mandated minimum wage rate;

g. An equal amount of all owed wages and misappropriated funds as liquidated damages as allowed under the FLSA;

h. An equal amount of all owed wages as liquidated damages as allowed under Article X, Section 24 of the Florida Constitution;

i. Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

j. Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

Respectfully submitted,

By: */s/ Chris R. Miltenberger*
Chris R. Miltenberger
Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

BRANDON J. HILL
Florida Bar Number: 0037061
AMANDA E. HEYSTEK
Florida Bar Number: 0285020

**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-337-7992
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: jcornell@wfclaw.com

Application Pro Hac Vice forthcoming

**Attorney for Plaintiffs**